## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

|  |  |  |
|---|---|---|
| **MELISSA SMITH and JUSTINA SHADE,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **vs.** | ) ) | **CASE NO.  6:06-cv-1711-Orl-31UAM** |
| **PREFERRED GUEST SERVICES, LLC,** | ) ) ) | |
| **Defendant.** | ) ) ) | |

### CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is made this ___ day of _____ 2007, by and among MELISSA SMITH ("Smith"), JUSTINA SHADE ("Shade") (collectively, "Plaintiffs") and PREFERRED GUEST SERVICES, LLC ("Defendant").

WHEREAS, Plaintiffs instituted the above-referenced case in the United States District Court, Middle District of Florida, Orlando Division; and

WHEREAS, Defendant denies liability herein and any wrongdoing with respect to Plaintiff; and

WHEREAS, Plaintiffs and Defendant wish to avoid litigation and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that the above-entitled matter is hereby resolved as follows:

1.    **RECITALS**.   The foregoing recitals are true and correct and are incorporated herein by this reference.

2.    **RETURN OF PROPERTY**.   Plaintiffs represent that, as of the date of this Agreement, they have returned any and all documents, lists, data, confidential information, trade secrets, equipment or other property in their possession belonging to Defendant.

3.    **GENERAL RELEASE OF CLAIMS**.

a.    This Agreement shall constitute a waiver and release of all claims Plaintiffs might have under federal, state or local law (including, but not limited to, actions for compensatory damages, pain, suffering and emotional distress), individually or collectively, against Defendant.

b.    Plaintiffs shall withdraw, in writing and with prejudice, any and all actions or proceedings that they have filed, individually or collectively, against Defendant. Specifically, Plaintiffs shall dismiss the above-styled case, with prejudice, by causing their counsel to execute and file a Joint Motion for Approval of Settlement Agreement within twenty-four (24) hours of their counsel-of-record's receipt of the settlement proceeds which are to be paid in accordance with the terms of this Agreement.

c.    Plaintiffs hereby knowingly and voluntarily release and forever discharge Defendant, its parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and Eastern Pacific Holdings, LLC, and their respective past, present and future directors, officers, shareholders, members, employees, agents, insurers and attorneys both individually and in their capacities as directors, officers, shareholders, members, employees,

2

agents, insurers and attorneys (collectively "Releasees") of and from any and all claims, whether known, unknown, anticipated, unanticipated, disclosed or undisclosed, against any of the Releasees which Plaintiffs, individually or collectively, have or might have as of the date of execution of this Agreement, including, but not limited to, any claims arising out of or in any way connected with Plaintiffs' employment with Defendant.  Such claims include, but are not limited to, any claim that has been, could have been or could be alleged under:

- Title VII of the Civil Rights Act of 1964, as amended;

- The Civil Rights Act of 1991;

- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;

- The Employee Retirement Income Security Act of 1974 ("ERISA"), as amended (except for any vested benefits under any tax qualified benefit plan);

- The Immigration Reform and Control Act, as amended;

- The Americans with Disabilities Act of 1990 (the "ADEA"), as amended;

- The Age Discrimination in Employment Act of 1967, as amended;

- The Worker Adjustment and Retraining Notification Act, as amended;

- The Occupational Safety and Health Act, as amended;

- The Sarbanes-Oxley Act of 2002;

- The Florida Civil Rights Act – Fla. Stat. § 760.01, et seq.;

- Florida's Private-Sector Whistle-blower's Act – Fla. Stat. § 448.101, et seq.;

- Florida's Public-Sector Whistle-blower's Act – Fla. Stat. § 112.3187, et seq.;

- Florida's Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers Compensation Claim – Fla. Stat. § 440.205;

- Florida's Statutory Provision Regarding Wage Rate Discrimination Based on Sex – Fla. Stat. § 448.07;

3

- The Florida Equal Pay Act – Fla. Stat. § 725.07;

- The Florida Omnibus AIDS Act – Fla. Stat. § 760.50;

- Florida's Statutory Provisions Regarding Employment Discrimination on the Basis of and Mandatory Screening or Testing for Sickle-Cell Trait – Fla. Stat. §§ 448.075, 448.076;

- Florida's Wage Payment Laws, Fla. Stat. §§ 448.01, 448.08;

- Florida's General Labor Regulations, Fla. Stat. ch. 448;

- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;

- Any public policy, contract, tort, or common law; or

- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

    4.    **<u>SETTLEMENT SUMMARY</u>**.

        a.    Within ten (10) business days of the later of: (i) Plaintiffs' delivery to Defendant's counsel of an executed original of this Agreement and W-9 forms executed by Plaintiffs and Plaintiffs' respective counsel, and (ii) the Court's approval of this settlement, then, in consideration of the matters set forth herein, Defendant shall pay to Plaintiffs the total sum of Ten Thousand Dollars and Zero Cents ($10,000.00) (hereinafter "Settlement Sum") less applicable deductions as described below. Such Settlement Sum shall be allocated as follows:

- $1,500.00, made payable to Melissa Smith, as and for compensation, including but not limited to overtime compensation, allegedly due Melissa Smith from Preferred Guest Services LLC and/or Eastern Pacific Holdings, LLC, which amount shall be subject to deductions or withholding and for which an IRS Form W-2 shall issue to Melissa Smith;

- $1,500.00, made payable to Melissa Smith, as and for alleged liquidated and/or compensatory damages, which amount shall not be subject to deductions or withholding and for which an IRS Form 1099 shall issue to Melissa Smith;

4

- $1,510.94, made payable to Morgan & Morgan, P.A., as attorneys' fees and costs and for which separate IRS Forms 1099 shall issue to Melissa Smith and Morgan & Morgan, P.A. *See Commissioner of Internal Revenue v. Banks* and *Commissioner of Internal Revenue v. Banaitis*, 543 U.S. 426 (2005) and U.S. Treasury Regulation 1.6045-5.

- $2,114.06, made payable to the Pantas Law Firm, P.A., for its attorneys' fees and costs quantum meruit charging lien for which separate IRS Forms 1099 shall issue to Melissa Smith and the Pantas Law Firm, P.A. *See Commissioner of Internal Revenue v. Banks* and *Commissioner of Internal Revenue v. Banaitis*, 543 U.S. 426 (2005) and U.S. Treasury Regulation 1.6045-5.

- $125.00, made payable to Justina Shade, as and for compensation, including but not limited to unpaid wages and overtime compensation, allegedly due Justina Shade, which amount shall be subject to deductions or withholding and for which an IRS Form W-2 shall issue to Justina Shade;

- $125.00, made payable to Justine Shade, as and for alleged liquidated and/or compensatory damages, which amount shall not be subject to deductions or withholding and for which an IRS Form 1099 shall issue to Justina Shade; and

- $3,125.00, made payable to the Pantas Law Firm, P.A., as attorneys' fees and costs and for which separate IRS Forms 1099 shall issue to Justina Shade and the Pantas Law Firm, P.A. *See Commissioner of Internal Revenue v. Banks* and *Commissioner of Internal Revenue v. Banaitis*, 543 U.S. 426 (2005) and U.S. Treasury Regulation 1.6045-5.

Plaintiffs understand and acknowledges that they would not receive the payments specified in this paragraph, except for their execution of this Agreement, including the General Release contained herein, and their fulfillment of the promises contained herein.

b.    Defendant makes no representation as to the taxability of the amounts paid to Plaintiffs.  Plaintiffs agree to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement.  Moreover, Plaintiffs agree to indemnify Defendant and hold it harmless from any interest, taxes or penalties assessed against it

by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiffs or their attorneys under the terms of this Agreement.

5.    **AFFIRMATIONS**.  Plaintiffs affirm that they has not filed, caused to be filed, or presently are a party to any claim, complaint, or action, individually or collectively, against Defendant in any forum or form, except Case No. 6:06-cv-1711-Orl-31UAM.  Plaintiffs further affirm that they have reported all hours worked as of the date of this release and, upon their receipt of the settlement sum, will have been paid and/or have received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which they may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to them, except as provided in this Agreement and General Release. Plaintiffs furthermore affirm that they have no known workplace injuries or occupational diseases, have been provided and/or have not been denied any leave requested under the Family and Medical Leave Act and have not been retaliated against for taking such leave.  Plaintiffs acknowledge that because of circumstances unique to them including, but not limited to, irreconcilable differences with Defendant, they are not qualified to hold any position with Releasees, as defined in Paragraph 3.c, above, now or in the future and, therefore, shall not apply in the future for employment with Releasees.  If Plaintiffs do apply for or obtain employment by Releasees in the future, Plaintiffs shall be subject to immediate termination. This is a negotiated, non-retaliatory settlement term.

6.    **NO ADMISSION**.  Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendant of any liability, unlawful conduct of any kind or violation by Defendant of the laws identified in paragraph 3 herein.

6

7.    **CONFIDENTIALITY**.

a.    This Agreement shall not be filed with any court or introduced in any proceeding except when required to obtain approval hereof, to enforce this Agreement or where this Agreement will be a defense.

b.    Except as required by law, rule, regulation or subpoenas, neither Plaintiffs nor their representatives, including, but not limited to, their attorneys, shall disclose to any person or entity any information whatsoever regarding: (i) the substance of this action; (ii) the facts surrounding this action or Plaintiffs' claims or any facts of alleged unlawful or improper conduct by Defendant; (iii) the existence or substance of this Agreement; or (iv) any matters pertaining to this action.  If asked about the disposition of their claims, Plaintiffs, or their representatives, will state only that "...this matter has been resolved to the satisfaction of all parties concerned."  The above limitation does not include Plaintiffs' disclosure of such information to any attorneys, accountants and professional tax advisers with whom they choose to consult or seek advice regarding their consideration of and decision to execute this Agreement.

8.    **OPPORTUNITY TO REVIEW**.

Plaintiffs acknowledge that they are aware that they are giving up all claims they may have against Defendant, its parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers and their past and present directors, officers, shareholders, members, employees, agents, insurers and attorneys. Plaintiffs acknowledge that they have been advised in writing to consult with an attorney and have had the opportunity to seek legal advice before executing this Agreement.  In fact, Plaintiffs acknowledge that they have consulted with

their counsel-of-record, Charles Scalise, Esquire and Konstantine Pantas, Esquire, prior to executing this Agreement. Plaintiffs sign this Agreement voluntarily.

9.      **WAIVER OF JURY TRIAL**. Plaintiffs and Defendant hereby knowingly, voluntarily, and intentionally waive any right to a jury trial with respect to any claims arising in connection with the facts underlying Plaintiffs' claims and/or this Agreement.

10.      **NO PARTICIPATION IN CLAIMS**. Plaintiffs understand that if this Agreement were not signed, Plaintiffs would have the right to voluntarily assist other individuals or entities in bringing claims against Defendant. Plaintiffs hereby waives that right and will not provide any such assistance other than assistance in an investigation or proceeding conducted by the United States Equal Employment Opportunity Commission. Plaintiffs and Defendant further agree that Plaintiffs may provide information pursuant to any valid subpoena, provided that Plaintiffs first notify Defendant in writing of the proposed disclosure in order to provide Defendant a reasonable opportunity to seek a Protective Order.

11.      **SEVERABILITY**. Except as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

12.      **VENUE AND GOVERNING LAW**. This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in the United States District Court in and for the Middle District of Florida.

8

13.   **ENTIRE AGREEMENT.**   This Agreement sets forth the entire agreement among Plaintiffs and Defendant, and it supersedes any and all prior oral or written agreements, understandings, representations or warranties between the parties.   Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made to her in connection with their decision to sign this Agreement, except those set forth in this Agreement.

14.   **AMENDMENTS**.   This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

15.   **THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE, THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT.   THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT.   THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH "4" ABOVE, MELISSA SMITH AND JUSTINA SHADE FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS CONFIDENTIAL SETTLEMENT**

AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND
RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE, INDIVIDUALLY OR
COLLECTIVELY AGAINST RELEASEES.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY
AND KNOWINGLY.

Dated: _6/28/07_, 2007            _Melissa R Smith_

STATE OF FLORIDA        )        MELISSA SMITH
COUNTY OF _Polk_        )

SWORN TO AND SUBSCRIBED before me this 28 day of _June_,
2007, by Melissa Smith, who is personally known to me or has produced
_FL DL 553055184 9030_ as identification.

_Roxanna L Tovrea_
(Notary Signature)

(NOTARY SEAL)

ROXANNA L. TOVREA
Notary Public, State of Florida
My comm. expires July 30, 2011
Comm. No. DD 680329

_Roxanna L. Tovrea_
(Notary Name Printed)
Commission No. _680329_

[Remainder of page left blank intentionally]

10

**THE  PARTIES  ARE  SIGNING  THIS  AGREEMENT  VOLUNTARILY**

**AND KNOWINGLY.**

Dated: _June 22_ , 2007

STATE OF FLORIDA           )

COUNTY OF _Orange_  )

JUSTINA SHADE

        SWORN TO AND SUBSCRIBED before me this _25_ day of _June_ ,
2007, by Justina Shade, who is personally known to me or has produced
_____ as identification.

_____
(Notary Signature)

(NOTARY SEAL)

KATHLEEN ANN CASEY
Comm# DD0247442
Expires 9/13/2007
Bonded thru (800)432-4254
Florida Notary Assn., Inc

_KATHLEEN ANN CASEY_
(Notary Name Printed)
Commission No. _____

[Remainder of page left blank intentionally]

11

**THE  PARTIES  ARE  SIGNING  THIS  AGREEMENT  VOLUNTARILY**

**AND KNOWINGLY.**

Dated: _6/25_____, 2007

         *June 25th, 2007*

PREFERRED GUEST SERVICES, LLC

By: _____

Print name: _David McClure_

Print title: _Director of Operations_

[Remainder of page left blank intentionally]

12