# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MELISSA SMITH and JUSTINA SHADE,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　**Case No.  6:06-cv-1711-Orl-31UAM**

**PREFERRED GUEST SERVICES, LLC,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **AMENDED JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 30)** |
| **FILED:** | **July 10, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiffs Melissa Smith and Justina Shade seek to hold Defendant Preferred Guest Services, LLC liable for allegedly failing to pay them overtime wages and the minimum wage in violation of the Fair Labor and Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA").  Smith and Shade worked as sales representatives for Defendant from April 2006 to July 2006 and June 22, 2006 to June 29, 2006, respectively.  Doc. Nos. 16-2, 17-2.  The parties have agreed to settle the case, and have filed an amended Joint Motion for Approval of Settlement Agreement in which they ask the

Court to approve their fully-executed "Settlement Agreement and General Release" and to dismiss this case with prejudice. Doc. No. 30.

Before the Court may approve the settlement of the FLSA claim, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

In the instant case, Defendants have agreed to pay a total of $10,000 in seven separate allocations: (1) $1,500 to Smith as back wages, (2) $1,500 to Smith for liquidated damages, (3) $1,510.94 to one of Smith's counsel as attorneys' fees and costs, (4) $2,114.06 to Smith's other counsel as attorneys' fees and costs, (5) $125 to Shade as back wages, (6) $125 to Shade for liquidated damages, and (6) $3,125 to Shade's counsel as attorneys' fees and costs. *See* Doc. No. 30-2 at 4-5. The Court has reviewed the proposed settlement and finds the settlement is a fair and reasonable resolution of a bona fide dispute.[1] The case involved disputed issues of FLSA coverage, and each party was represented by independent counsel, who were obligated to vigorously represent their respective clients. Given the mandatory award of reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b), early resolution of FLSA claims are encouraged and extensive discovery typically is

---

[1] All parties urge this Court to approve the Settlement Agreement, including the amount to be paid to Plaintiffs' attorneys in fees and costs. The Court, therefore, finds it unnecessary to inquire into the reasonableness of the hourly rate charged by Plaintiff's counsel, and accepts the parties' stipulation as to the reasonableness of the attorneys' fees and costs.

unnecessary. The Court finds therefore that early settlement of the action in favor of certainty was fair and reasonable.

For the reasons stated above, it is therefore

**RECOMMENDED** that parties' Joint Motion to Approve Settlement (Doc. No. 30) be **GRANTED**. The Settlement Agreement (Doc. No. 30-2) should be approved; the case should be dismissed the case with prejudice; and the Clerk should be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 12, 2007.

*Donald P. Dietrich*
DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy